# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16-cr-17-2 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| MATTHEW S. BOWEN JR., | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

On January 31, 2017, defendant Matthew Bowen Jr. ("Bowen") was sentenced to a custody term of 154 months, following his guilty plea to one count of conspiracy to commit Hobbs Act robbery and three counts of substantive Hobbs Act robbery, all in violation of 18 U.S.C. § 1951(a); and one count of using or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. No. 70 (Judgment); Minutes of Proceedings [non-document], 1/31/2017.) Bowen is serving his sentence at Hazelton UPS and has an anticipated release date of November 1, 2026. (*See* https://www.bop.gov/inmateloc/, last visited 10/31/2024.)

Bowen now seeks a compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 158 (Second Compassionate Release Motion).) Bowen filed a *pro se* supplement in support of his motion (*see* Doc. No. 160 (*Pro Se* Supplement), and appointed counsel elected not to file a further supplement. (Doc. No. 166 (Notice of No Intent to Supplement).) Plaintiff United States of America (the "government") has filed an opposition to the motion. (Doc. No. 167 (Response).) For the reasons that follow, defendant's motion for a compassionate release is denied.

I.      BACKGROUND

Between September 15, 2015 and October 8, 2015, Bowen and two other individuals—Stephone Tillman and Christopher Jones—participated in three armed robberies of local convenience stores in Cuyahoga County, Ohio. (*See also* Doc. No. 66 (Final Presentence Investigation Report ("PSR")), at 5–7 ¶¶ 13–15, 17–19, 21–23.) In each robbery, one of the assailants brandished a firearm and demanded store employees provide cash from the register and other things of value. (*Id*. ¶¶ 14, 18–19, 22–23.) At the time of his arrest, Bowen was on post release control in state court for burglary and aggravated theft. (*Id*. at 15 ¶ 82.)

On January 12, 2016, an indictment issued charging Bowen and his two co-conspirators with federal Hobbs Act robbery and weapons offenses. (Doc. No. 12 (Indictment).) On October 28, 2016, with the benefit of a plea agreement,  Bowen pled guilty to the aforementioned charges. (Minutes of Proceedings [non-document], 10/28/2016; Doc. No. 54 (Plea Agreement).) At Bowen's sentencing hearing on January 31, 2017, a second weapons charge (Count 4) was dismissed. (*See* Doc. No. 70, at 1; Minutes of Proceedings [non-document], 1/31/2017.)

On January 12, 2022, the Court denied Bowen's first request for a compassionate release. (Order [non-document], 1/12/2022.) In support of early release, Bowen cited his own medical conditions, as well as the circumstances surrounding the COVID-19 pandemic. (Doc. No. 132 (First Compassionate Release Motion), at 2.) The Court found that Bowen had failed to exhaust his administrative remedies. (Order [non-document], 1/12/2022.) The Court further ruled that, even if he had properly exhausted, the motion would have been denied because Bowen had failed to establish the existence of extraordinary and compelling reasons for release. In particular, the Court found that Bowen's medical complaints were not substantiated by documentation, and that

2

Bowen had also received the COVID-19 vaccine and was not otherwise at a heightened risk of suffering serious complications should he contract the virus. (*Id.*) Nevertheless, the Court went on to consider the 18 U.S.C. § 3553(a) sentencing factors. The Court observed that the present Hobbs Act robberies were inherently dangerous acts that were made all the more dangerous by the presence and use of weapons. Additionally, the Court found:

> defendant has a substantial criminal history that began when he was 16 years old, and, in fact, he had only been out of state custody for little more than 2 years and was on state supervision (post release control) for burglary, theft, and aggravated theft convictions when he committed the present offenses. Prior sentences and sanctions have failed to prevent defendant from possessing weapons or engaging in dangerous unlawful conduct. The Court has considered (and commends him for) the programming he has completed in prison, his desire to reunite with his son, his release plan, and his family support. But after considering all the factors, the Court finds that a reduction in sentence would severely undermine the need for the sentence imposed to reflect the seriousness of the offenses, protect the public, promote respect for the law and specific deterrence, and ensure just punishment. Further, to the extent that defendant requests to be released and to serve a period of supervised release on home confinement, for the reasons already stated, defendant is not an appropriate candidate for release under § 3582, even with conditions.

(*Id.*)

On March 21, 2024, the Court granted Bowen's unopposed motion for a sentence reduction under Part A of Amendment 821 to the Sentencing Guidelines. (Order [non-document], 3/21/2024.) Finding that Bowen was entitled to a one-level reduction to his criminal history category and, in turn, a reduction to his guideline sentencing range, pursuant to Amendment 821, Part A, the Court reduced Bowen's custody term from 154 months to 147 months. (*Id.*; Doc. No. 156 (Order).)

On June 5, 2024, Bowen filed his second motion for compassionate release. In his motion, as supplemented, Bowen maintains that his minor son's mother is "dealing with mental health issues, such as anxiety, depression, [and an] abusive relationship." (Doc. No. 160-1, at 1.) He

3

claims that she also suffers from addiction and is not "mentally able to take care of our son." (*Id.*) According to Bowen, his family had previously been willing to care for his son, but now they do not "want to be involved at all[.]" (*Id.*) Bowen represents that he is the only available caregiver for his son, and that he does not want to lose his son to "the system." (*Id.*) He also advises that his mother is "getting old and health[-]wise she [hasn't] been the same since she recovered from coronavirus back in 2021." (Doc. No. 158-1, at 2.) He worries that "she doesn't have anyone to look after her[.]" Additionally, Bowen believes that, had he been able at the time of his sentencing to take advantage of unidentified changes in the law, he would have received a much lower sentence. (Doc. No. 160-1, at 1.)

## II.  LAW AND DISCUSSION

The sentencing court has no inherent authority to reconsider and/or modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Instead, the authority of the Court to resentence a defendant is limited by statute. *United States v. Houston*, 529 F.3d 743, 748–49 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 585 (6th Cir. 2001)); *see United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) ("Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute.") Under 18 U.S.C. § 3582(c), a court may only modify a term of imprisonment under the following circumstances: (1) upon a motion of the Director of the Bureau of Prisons ("BOP") or defendant for compassionate release; (2) as expressly permitted by statute or by Fed. R. Crim. P. 35; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. § 3582(c)(1)–(2).

4

Bowen does not seek relief under Rule 35, nor does he claim that he was sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered. Instead, he claims, for the second time, that he is entitled to a compassionate release. Under § 3582(c)(1)(A), a district court may grant a sentence reduction "only if it finds that the defendant satisfies three requirements: (1) 'extraordinary and compelling reasons warrant such a reduction'; (2) the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission'; and (3) the relevant § 3553(a) factors support the reduction." *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting § 3582(c)(1)(A)(i); *United States v Elias*, 984 F.3d 516, 518 (6th Cir. 2021)); *see United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020). Additionally, exhaustion of administrative remedies is a mandatory claims-processing rule that must be satisfied before a defendant may seek compassionate release. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (citations omitted).

The policy statement applicable to compassionate release motions, U.S.S.G. § 1B1.13, was recently amended (effective November 1, 2023) and describes six categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release. These categories are: (1) medical circumstances of the defendant; (2) the age of the defendant; (3) a defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons" similar in gravity as those articulated in (1)–(4); and (6) an "unusually long sentence." § 1B1.13(b).

The Court finds Bowen has exhausted his administrative remedies. (*See* Doc. No. 158-2 (Warden's Denial of Request for Compassionate Release/Reduction in Sentence).) The Court, therefore, turns to a consideration of whether defendant has demonstrated the existence of

extraordinary and compelling reasons identified in § 3582(c)(1)(A)(i), and discussed in detail in § 1B1.13(b), as amended. Invoking the third category of the governing policy statement—a defendant's family circumstances—Bowen maintains that he must be released so that he can serve as caretaker for his mother and his minor son. Under § 1B1.13(b)(3) and relevant to the present motion, a defendant may establish an extraordinary and compelling reason upon the death or incapacitation of the caregiver for a defendant's minor child. § 1B1.13(b)(3)(A). Section 1B1.13(b)(3)(C), in turn, allows for the finding of an extraordinary and compelling reason upon the "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." Bowen provides no documentation to demonstrate that either his child's mother, or his own mother, is incapacitated. While Bowen indicates (without support) that his mother's health has declined since she contracted COVID-19 in 2021, he has failed to demonstrate that she is incapacitated or that he is the only available caregiver. "In general, having a sick or aging parent is not an extraordinary circumstance to release a prisoner." *United States v. Peguero*, No. 3:21-cr-10, 2024 WL 4112337, at *5 (W.D. Tenn. Sept. 6, 2024) (citations omitted). Moreover, the record reflects that Bowen has two sibling, both of whom live in the Cleveland area. (Doc. No. 66, at 18 ¶¶ 91–92.) There is no evidence one of them—or another family member— cannot provide assistance or care for his mother.

Likewise, Bowen has failed to off any evidence that would establish that his son's mother is incapacitated to the point that she cannot provide care for their son. Neither Bowen's conclusory allegations that she suffers from "mental health issues" and "has not been mentally able to take care of our son[,]" nor his cryptic and unsubstantiated claim that she "called the police and told all lies that could be told[,]" demonstrate that she is incapacitated. (*See* Doc. No. 160-1, at 1.) Further,

given Bowen's recent proclivity for violence and weapons, the Court is unconvinced that Bowen would qualify as a suitable caregiver for his son. Ultimately, the Court finds Bowen has failed to establish an extraordinary and compelling reason for release under § 1B1.13(b)(3).

Bowen also appears to rely on the sixth category—unusually long sentence—to support a sentence reduction. Subsection (6) of § 1B1.13 provides:

> **Unusually Long Sentence**. If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

§ 1B1.13(b)(6). Without elaboration, Bowen suggests that the "laws [have] changed" and he would have received a shorter term of imprisonment if he were sentenced today. (Doc. No. 160-1, at 1.) He further suggests that "another law [is] about to pass that will affect my case (youth offender and 924(C))." (*Id.*)

The government does not believe that Bowen can rely on a nonretroactive changes in the law to support a finding of extraordinary and compelling reasons for early release. In fact, the government cites *United States v. McCall*, 56 F.4th 1048, 1065–66 (6th Cir. 2022) for the proposition that the Sixth Circuit has "firmly establish[ed]" that nonretroactive changes in the law cannot qualify as extraordinary and compelling reasons supporting a compassionate release. (Doc. No. 167, at 9.) *See also United States v. McKinnie*, 24 F.4th 583, 587 (6th Cir. 2022) (holding that a nonretroactive change in the law arising out of a Supreme Court decision "is not an extraordinary and compelling reason to modify an inmate's sentence under § 3582(c)(1)(A)(i)").

Yet, *McCall* and *McKinnie* were issued before the Sentencing Commission amended §

1B1.13(b) to add an "unusually long sentence" as a possible basis for finding extraordinary and compelling reasons under the compassionate release statute. There is currently a debate among jurists as to whether the Sentencing Commission exceeded its authority by adopting § 1B1.13(b)(6) and whether such an amendment supersedes binding prior case law. *See United States v. Hicks*, No. 1:08-cr-45, 2024 WL 866715, at *2–3 (S.D. Ind. Feb. 29, 2024) (discussing a line of cases that "can be read to hold that the statutory definition of 'extraordinary' does not extend to law changes, which means there is a question about whether the Sentencing Commission exceeded its authority when it added this item to the list of potentially extraordinary and compelling reasons warranting a sentence reduction under § 3582(c)(1)(A)(i)" (collecting cases including *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021))); *United States v. Mann*, No. 6:04-cr-31, 2024 WL 666324, at *5 (E.D. Ky. Feb. 16, 2024) (noting "tension" of reconciling § 1B1.13(b)(6) with existing sentencing case law).

But the Court need not wade into this debate because Bowen's argument fails even if the Sentencing Commission's policy statement controls. Bowen has not identified *any* change in the law, past or future, that would have, if applied, impacted in any way the custody term he received at sentencing.[1] Bowen's reference to "youth offender and 924(c)" fails to shed any light on the identity of an anticipated change in the law that would produce a lower sentence today, let alone a

---

[1] To the extent Bowen references Amendment 821 to the Sentencing Guidelines, Bowen already received consideration (and a reduced sentence) in the Court's March 21, 2024 Order. (*See* Doc. No. 156.) If, instead, Bowen is referring to the change in the law relating to what qualifies as a "crime of violence" for purposes of 18 U.S.C. § 924(c), he would still be unable to demonstrate a relevant change in the law. Bowen's § 924(c) conviction was predicated on a *completed* Hobbs Act robbery and not an *attempted* Hobbs Act robbery. *See United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017) (holding that completed robberies still qualify as "crimes of violence" after change in the law); *see also United States v. Taylor*, 596 U.S. 845, 851, 142 S. Ct. 2015, 213 L. Ed. 2d 349 (2022) (holding that attempted Hobbs Act robbery did not constitute a "crime of violence" because "no element of attempted Hobbs Act robbery requires proof that the defendant used, attempted to use, or threatened to use force").

"gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed[.]" § 1B1.13(b)(6). Moreover, Bowen would not otherwise qualify for consideration under this subsection because he has not served at least 10 years of his sentence. *Id*.

Additionally, even if Bowen had cleared this initial hurdle, a reduction of the prison term would not be appropriate in light of the sentencing factors in § 3553(a). *See United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (citing § 3553(a) and directing district courts to consider all relevant statutory factors). Beyond the passage of time, little has changed since the Court last revisited the § 3553(a) sentencing factors in 2022 to alter the Court's analysis. The nature and circumstances of the underlying armed robberies remain serious. Bowen also has an extensive criminal history, that began in 2007 when he was only 16 years old and has resulted in numerous custody and probationary terms. (*See* Doc. No. 66, at 12–15 ¶¶ 74–18.) None of the past sanctions have caused Bowen to refrain from engaging in dangerous criminal activity. The fact that he was on community control in state court when he engaged in the string of armed robberies that led to his federal charges only serves to fortify the Court's belief that defendant remains unwilling to conform his behavior and would be unlikely to abide by any terms of early release. Further, there has been a disturbing progression in the violent nature of Bowen's crimes. The armed robberies, which involved the brandishing of weapons, were certainly more dangerous than Bowen's prior theft and drug possession offenses. Rather than learn from his past mistakes, Bowen appears to have graduated to more serious, violent crimes.

The Court has considered Bowen's prison programming, his concern for his son, and his desire to be reunited with his mother and the rest of his family. But after considering all of the factors, the Court again determines that a reduction in sentence would undermine the need for the

sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public from further crimes of the defendant. Based on these same facts, the Court also finds that defendant poses a danger to the community.

## III.    CONCLUSION

For the foregoing reasons, the Court denies defendant's motion, as supplemented, for a compassionate release.

**IT IS SO ORDERED**.

Dated: November 5, 2024

_____
**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**